UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CLAUDIA TREADWELL
1425 4TH Street SW
Washington DC. 20024,

    Plaintiff,

  v.

KARL RACINE
DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL
400 6th Street NW
Washington, DC 20001,

    Defendant.

Case No.

**Jury Trial Requested**

# COMPLAINT

1. Plaintiff Claudia Treadwell, by and through undersigned counsel, hereby files this Complaint of employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et. seq.* based on her age (71) when the Office of the Attorney General (OAG) passed her over for a promotion and refused to grant her the step increases commensurate with her position and years of service.

2. Ms. Treadwell is seeking any and all relief available pursuant to Section 621 of the ADEA, 29 U.S.C. § 621, The DC Human Rights Act, D.C. Code §§ 2-1401.01 *et. seq.* and

any other applicable anti-discrimination or anti-retaliation statute, including but not limited to compensatory damages, back pay for non-promotion, and retirement pay commensurate with the rate Ms. Treadwell would have received had she been promoted timely, the reasonable attorney fees at market rates and expenses of filing this complaint, and any and all other relief which this Honorable Court shall deem just and proper.

## I. Parties

3. Plaintiff Claudia Treadwell (72-year-old African American female) is a GS-12 Step 4 Senior Investigator with the Child Support Enforcement Division of the Washington DC Office of Attorney General (OAG) from 2014 to present, although Ms. Treadwell has been an investigator with the Child Support Enforcement Division since 1981, when it was still under the Washington DC Department of Human Services. Ms. Treadwell resides at 1425 4th Street SW Washington, DC 20024.

4. Defendant Karl Racine is the Attorney General for the District of Columbia and is sued in his official capacity only. His address is Office of the Attorney General 400 6th Street NW, Washington, DC 20001.

## II. II. Jurisdiction and Venue

5. This United States District Court has personal jurisdiction over the Defendant District of Columbia Office of the Attorney General pursuant to 42 U.S.C. 2000e-5(f)(3).

6. Pursuant to 42 U.S.C. 2000e-5(f)(3), "venue is proper in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id*.

7. The unlawful employment practices were committed in the District of Columbia, and the Defendant's principal, indeed only, office, the responsible management officials, relevant witnesses, and, on information and belief, relevant documents are located in the OAG, 400 6th Street NW, Washington, DC 20001.

8. In addition, the convenience of both parties is served because Ms. Treadwell also resides in the District of Columbia.

### III. Subject Matter Jurisdiction

9. This Complaint is brought pursuant to Section 621 of the ADEA. The United States District Court therefore has subject matter jurisdiction because the case involves a question of federal law. 28 U.S.C. 1331.

10. Because this United State District court has jurisdiction over Ms. Treadwell's claims pursuant to the ADEA, which is a federal question, the Court also has pendent jurisdiction over Ms. Treadwell's closely related claims of age discrimination pursuant to the D.C. Human Rights Act. *See* 28 U.S.C. § 1367.

## IV. IV. Exhaustion of Administrative Remedies

11. On October 1, 2021, the Office of the Attorney General denied Ms. Treadwell a promotion to GS-12 and denied her bonus.

12. On March 29, 2022, Ms. Treadwell timely contacted a District of Columbia EEO Counselor and filed a Charge of Discrimination with the District of Columbia Office of Human Rights within 180 days of the OAG's denial of a bonus and Grade 12 promotion on October 1, 2021.

13. The EEOC dismissed Ms. Treadwell's charge and issued its Determination and Notice of Rights on September 2, 2022.

14. Ms. Treadwell is filing this Complaint in United States District Court on December 1, 2022, which is within 90 days of the EEOC's Determination and Notice of Rights.

## V. Statement of Facts

15. When she started in 1981, Plaintiff Claudia Treadwell was the first female Investigator at the DC Department of Human Services (DHS) when DHS hired her in 1981.

16. In 1986, Ms. Treadwell's department was transferred to the DC OAG, and she began working in the Child Support Services Division (CSSD).

17. Ms. Treadwell is currently the oldest investigator in CSSD.

18. She has worked at OAG as an investigator since 1986.

19. Ms. Treadwell has not received a promotion from her GS 11 position since 2009.

20. From 2014 until September 11, 2022, she was a GS 11 Step 10 Investigator at DC OAG.

21. In or around 2013, Mr. Jeffery Jackson, unit chief of the Location Division became Ms. Treadwell's first line supervisor.

### A. Under Mr. Jackson's supervision, Ms. Treadwell's colleagues, and Mr. Jackson himself, feel emboldened to make comments about Ms. Treadwell's age

22. Mr. Jackson, as well as other employees in the department, constantly refer to Ms. Treadwell's age and tenure in the department in derogatory ways.

23. Ms. Treadwell's colleagues, as well as Mr. Jackson, refer to Ms. Treadwell as the "OG" of the office and an "old timer."

24. When Ms. Treadwell walks into the office she is greeted almost daily with comments such as, "Oh, you're still here, you haven't retired yet?"

### B. Mr. Jackson treats Ms. Treadwell differently from younger employees when he issues assignments

25. In or around 2016, Mr. Jackson decided to move Ms. Treadwell and several other senior investigators from field work to a "desk job."

26. Prior to this reassignment, Ms. Treadwell and the other senior investigators were in the field rather than in the office.

27. Eventually, the other two senior investigators retired, and Ms. Treadwell had remained in her desk job and has not returned to field work.

28. It is common for Mr. Jackson to issue Ms. Treadwell the more difficult cases while issuing younger employees easier assignments.

29. When Mr. Jackson assigns Ms. Treadwell to arrange for service of process, he typically assigns her cases in which the address of the party to serve is not known, whereas he assigns her younger colleagues to parties with known addresses.

30. When analyzing employee's performance, Mr. Jackson evaluates Ms. Treadwell and her colleagues using the same metric without considering the greater difficulty of Ms. Treadwell's assignments.

### C. Mr. Jackson denied Ms. Treadwell to fill the position of Case Coordinator despite her experience, veteran's preference status, and DC resident status

31. In or around 2019, Ms. Treadwell applied for the Case Coordinator position, but Mr. Jackson selected Ms. Treadwell's colleague, Ms. Yvonne DeVore.

32. Ms. DeVore is younger than Ms. Treadwell, a Maryland resident, and not a veteran.

33. Mr. Jackson prepared Ms. DeVore for the position by giving her select assignments and placing her in a supervisory position six months before he posted the job.

### D. In 2019, OAG announced an across-the-board promotion for all career-ladder employees, but it did not promote Ms. Treadwell to GS-12.

34. In or around 2019, the Union, AFSME 2401, realized that quite a few career ladder employees had not been promoted, so the AFSME 2401 approached the DC OAG about the lack of promotions for career ladder employees.

35. The DC OAG reached an agreement with AFSME 2401 to promote career ladder employees by seniority.

36. Despite Ms. Treadwell's status as a senior level career ladder employee, she was not promoted.

37. All the employees selected for promotion were younger than Ms. Treadwell.

38. The DC OAG claimed that budgetary constraints prevented them from promoting all employees (as it had promised), however, this claim appears to be inconsistent with the fact that the OAG is paid out of federal funds rather than District of Columbia funds.

39. No one was promoted in 2020 because of the pandemic.

40. In or around July of 2021, Mr. Jackson told Ms. Treadwell "I hope you are not retiring because I put you in for a promotion. At least hang on and wait for the promotion until you retire."

41. However, on October 1, 2021, Mr. Jackson notified Ms. Treadwell that she was not going to be promoted.

42. Following Mr. Jackson's refusal to promote Ms. Treadwell, she filed a charge of age discrimination with the District of Columbia Office of Human Rights, which was cross-filed with the EEOC, on March 29, 2022.

### E. Even though the OAG finally promoted Ms. Treadwell to a GS-12, it has not promoted her to the correct step.

43. DC OAG finally promoted Ms. Treadwell on September 11, 2022. This is three years past the date she should have been promoted, and nearly a year after Mr. Jackson most recently denied her the promotion that she was due.

44. The base salary of a GS-11 in 2022 is $97,517, and a within grade increase is $2,504. *See* District of Columbia Government Salary Schedule: Legal Services (Union) (last accessed Dec. 1, 2022).

45. Applying the standard two-step promotion rule ($97,517 + (2 * $2,504) = $102,525), when Ms. Treadwell was promoted to GS-12, she should have been promoted to the step with a salary rounded up from $102,525.

46. Ms. Treadwell should therefore have been promoted from a GS-12 Step 10 to a GS-12 Step 6.

47. However, she was only promoted to a GS-12 Step 4.

### VI. Claims

#### A. Count I: Discrimination based on age in violation of the Age Discrimination in Employment Act

48. Based on the facts in the preceding paragraphs, Defendant unlawfully subjected Plaintiff Claudia Treadwell to discrimination based on age (72) in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.* when it denied her a promotion to GS-12 on October 1, 2022.

### B. Discrimination based on age in violation of the District of Columbia Human Rights Act

**49.** Based on the facts in the preceding paragraphs, Defendant unlawfully subjected Plaintiff Claudia Treadwell to discrimination based on age (72) in violation of the DC Human Rights Act, D.C. Code §§ 2-1401.01 *et. seq.* when it denied her a promotion to GS-12 on October 1, 2022.

### C. Count II: Harassment based on age

**50.** Based on the facts in the preceding paragraphs, Defendant unlawfully subjected Plaintiff Claudia Treadwell to discrimination based on age (72) in violation of the DC Human Rights Act, D.C. Code §§ 2-1401.01 *et. seq.* when Mr. Jackson and other employees harassed her at the workplace by repeatedly subjecting her to disparaging epithets such as "Old Timer" and "OG," pressuring her to retire, and creating a hostile work environment.

## VII. VII. Relief Requested

**51.** Ms. Treadwell requests any and all relief available pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.*, the DC Human Rights Act, D.C. Code §§ 2-1401.01 *et. seq.*, and any other available anti-discrimination statute including but not limited to the following:

   a) Retroactive promotion to GS-12 Step 6 as of October 1, 2021;

   b) Full back pay and benefits, with interest, from the earliest date on which discriminatory non-promotion is found;

c) Liquidated damages in the form of double back pay for willful violation of the ADEA;

d) The maximum compensatory damages available at trial including but not limited to damages for emotional and physical distress, damage to reputation, and any medical or other expenses incurred as a direct result of the DC OAG's discriminatory actions;

e) The reasonable attorney fees at prevailing market (Fitzpatrick) rates and expenses of bringing this complaint; and

f) Any other relief which this Court deems just and proper.

## VIII. Jury Trial Requested

52. Ms. Treadwell requests trial by jury on all claims triable by jury

## IX. Certification and Closing

53. Under Federal Rule of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

/s/Charles W. Day, Jr.
CHARLES W. DAY, JR.
D.C. Bar No. 459820
The Day Law Practice LLC
110 North Washington Street
Suite 300-30
Rockville, MD 20850
(301) 762-2675
(844) 554-5506 (fax)
billday@daylawpractice.com

December 1, 2022                    Attorney for  Plaintiff


Assisted by Kelly S. Buchanan, Esq.
         (D.C. Bar admission pending)